Dear Mr. Sanner:
As legal advisor to the Cameron Parish Waterworks District No. 10 ("the Waterworks District"), you have requested an opinion of the Attorney General on the following questions:
 (1) May the Waterworks District purchase land in an adjoining parish?
 (2) If the Waterworks District can purchase the land, then may it drill a fresh water well on that land and furnish this water to its district?
Cameron Parish currently has a waterworks district which is governed by the provisions of LSA-R.S. 33:3815.2. This enabling statute provides for the powers of waterworks districts. The statute specifically states that "[a]ny waterworks district . . .may acquire by donation, purchase, exchange, lease, or otherwise, any property or facilities located at any location
which affects the object for which the waterworks district was formed." LSA-R.S. 33:3815.2B (emphasis added). Thus, in response to your first question, the Waterworks District has the authority to purchase land in Calcasieu Parish for an appropriate purpose of ensuring sufficient water for its residents.
In response to your second question, concerning the Waterworks District's ability to drill a well on property located within an adjoining parish and then transport that water to its own district, LSA-R.S. 33:3815.2 again provides guidance, stating, in pertinent parts:
* * *
 D. Nothing in this Chapter shall be construed so as to restrict a waterworks district, created by the governing authority of one parish, from being authorized to supply water services to other waterworks . . . in an adjoining parish, where the governing majority of that adjoining parish grants by majority resolution or franchise agreement, permission to provide said services.
 E. A waterworks district of one parish, which supplies water to, or takes water from, an adjoining parish, shall only do so under the terms and conditions set forth in a franchise agreement or majority resolution of the governing authority of the adjoining parish and a majority resolution of the governing authority of the creating parish.
These two subsections address different situations. Subsection D allows a waterworks district in one parish to supply water services to a waterworks district in an adjoining parish. This does not apply to the current situation that your question is envisioning but this could be a possibility if the other options do not materialize.
Subsection E is where our focus should be in answering the second question. This part empowers the governing authorities from Cameron and Calcasieu Parishes to enter into a franchise agreement or reach a majority resolution. Applying this to our situation, the Waterworks District of Cameron Parish would be allowed to take water from Calcasieu Parish only under the terms and conditions that have been set forth in the franchise agreement or majority resolution. This would have to be carried out in strict accordance with LSA-R.S. 33:3815.2E.
It is the opinion of the Attorney General that Cameron Parish Waterworks District No. 10 has the authority to acquire property or facilities located outside of its parish, by donation, purchase, exchange, lease or otherwise. However, the Waterworks District will only be able to drill a fresh water well outside of Cameron Parish and furnish this water to its district if there is an agreement between the authorities of the two parishes which is consistent with LSA-R.S. 33:3815.2E.
If we may be of further assistance, please do not hesitate to contact the undersigned.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: _________________________ CHARLES F. PERRY Assistant Attorney General